ROBERT L. BLAND, JUDGE.
The state road commission exercises control over and maintains a bridge for pedestrians and vehicular traffic over Big Coal River, within the corporate limits of the town of Whitesville in Boone county, West Virginia. It extends from the main highway in the direction of and toward a coal mining camp.
Claimant Columbus Loveless, a “grease man” in the employ of the Anchor Coal Company, resides about three hundred yards from this bridge, and has crossed over it on an average of twice a day for the past seven years. About four-thirty o’clock on the morning of Saturday, September 21, 1946 — after having been out until that hour having a “good time” — while crossing the bridge on his way home from Whitesville he claims to have stepped into a large and dangerous hole in the treadway on which he was walking and thereby sustained personal inj uries, in consequence of which he suffered much discomfort and pain and was prevented from resuming the duties of his employment with the coal company for fourteen days, thus, losing *20 wages at the rate of $11.85 per day for that period of time. He, therefore, seeks an award of $1000.00 to compensate him for his personal injuries and loss of wages. He made several trips to a physician, but asks no compensation for medical attention. No one witnessed the alleged accident, but when claimant returned to his home he informed his wife and stepson and stepdaughter as to how he claimed the accident occurred, and they perceived the extent of his injuries, and know that he lost fourteen days of working time wages.
Claimant related the circumstances attending his accident in these words: “Well, about 4:80 in the morning I was coming across that bridge and my right leg went down in a hole and my left leg doubled up under me and I reached over to the bannister to pull myself out.”
To make out a case entitling him to an award the claimant has the laboring oar. . The onus of proof is on him. An award will be denied upon failure to prove, by a preponderance of the evidence, the justness and merit of a claim against the state or any of its governmental agencies.
Oak planks in the floor of the bridge were laid crosswise. In course of time when, on account of heavy traffic and hard usage, holes would from time to time appear in the floor of the structure, a “traffic tread” was built on the bridge. In doing so the planks were laid lengthwise. This was done to secure greater safety. . According to the testimony of claimant he was walking on this treadway when he crossed the bridge to go to his home. He always walked on the treadway, and had never, prior to his accident, observed a hole in the treadway. He testified that the hole in the treadway was about six by eighteen inches in size, and that his leg went through this hole as far as his thigh.
The evidence in the case shows that when holes would appear in the floor outside of the treadway they were always promptly repaired. The evidence of the mayor of Whitesville and other testimony shows this to be true. When a new floor was to be placed in the bridge the *21 treadways were removed. No holes appeared in these treadways, and no holes were discovered in the oak planks on which the treadways were constructed.
We deem it unnecessary to record in this statement the evidence at any length. Suffice it to say that the claimant has not only failed to prove that a hole in the bridge was the proximate cause of his accident, but has wholly failed to establish a just and meritorious claim against the state— one for which an appropriation of the public funds should be made. The evidence as a whole conclusively disproves the contention of the claimant. We cannot, under the convincing showing of the record, make an award in favor of claimant.
An award, therefore, is denied and the claim dismissed.